UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | No. 21 CR 345 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| TIMOTHY MAPES | ) | |
| | ) | |

**TIM MAPES'S MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT**

There are multiple references to the immunized nature of Tim Mapes' testimony to the grand jury in the two count indictment against him. None of those references have any relevance to the questions the jury will need to answer here: Did Tim Mapes commit perjury and did he obstruct justice. The fact that he was immunized is not an element the government need prove in either of the two counts of the indictment. More, the references to immunity are unfairly prejudicial to Mr. Mapes. They should be stricken.

**ARGUMENT**

Pursuant to Rule 7(d), "[u]pon the defendant's motion, the court may strike surplusage from the indictment." Fed. R. Crim. P. 7(d). Rule 7(d)'s purpose "is to protect the defendant against prejudicial allegations of irrelevant or immaterial facts." *United States v. Brighton Bldg. &n Maintenance Co.*, 435 F. Supp. 222, 230 (N.D.Ill. 1977) (granting motion to strike surplusage where terms in indictment "serve[] no useful purpose"). Rule 7(d) helps Courts guard against "unnecessary allegations for 'color' or 'background' hoping that these will stimulate the interest of the jurors." *Id.* (citing C. Wright, *Federal Practice and Procedure,* § 127, at 277 (1969)); *see also United States v. Varner*, 283 F.2d 900 (7th Cir. 1960) (reversing jury conviction where surplusage of phrase "or other reason" improperly remained in indictment).

1

Count One of the Indictment alleges that Mapes "knowingly made false material declarations" during his Grand Jury testimony on March 31, 2021, in violation of 18 U.S.C. § 1623(a). The paragraphs at issue allege:

> 5. On or about March 24, 2021, the Chief Judge of the United States District Court for the Northern District of Illinois entered an order pursuant to Title 18, United States Code, Section 6002 (the "Immunity Order") concerning MAPES' appearance before the Special January 2019 Grand Jury. The Immunity Order provided, among other things, that (1) MAPES was not excused from testifying on the ground that the testimony or evidence required of him might tend to incriminate him; (2) MAPES had to proceed to the place where the Grand Jury was meeting and answer the questions asked of him without asserting his privilege against self-incrimination; and (3) that no testimony or evidence provided by MAPES under the Immunity Order (or any information directly or indirectly derived from such testimony and evidence) might be used against him in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the Immunity Order.
>
> 6. On or about March 31, 2021, MAPES appeared in person before the Chief Judge. The Chief Judge admonished MAPES that his truthful testimony was required under the Immunity Order.
>
> 7. On or about March 31, 2021, after appearing before the Chief Judge, MAPES proceeded to the place where the Special January 2019 Grand Jury was meeting. The foreperson of the Grand Jury administered the oath to MAPES, and MAPES swore to tell the truth in the testimony he was about to give before the Grand Jury. MAPES acknowledged before the Grand Jury that the Immunity Order required him to testify truthfully and that he could be prosecuted if he lied in the proceeding.

Indictment at Count I, ¶¶ 5-7, ECF No. 1. Additionally, Count Two of the Indictment, which alleges attempted obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2), incorporates these paragraphs by reference:

> 1. At times material to this indictment:
>    a. Paragraphs 1 through 7 of Count One of this indictment are incorporated here.

*Id.* at Count II, ¶ 1.

Any reference to immunity is not relevant to the charged offenses. To establish a violation of 18 U.S.C. § 1623(a) (Count One), the government must prove beyond a reasonable doubt that "(1) the defendant, while under oath, testified falsely before the grand jury; (2) his testimony related to some material matter; and (3) he knew that testimony was false." *United States v. Gorman*, 613 F.3d 711, 716 (7th Cir. 2010). Immunity is not an element of this offense. Nor is it relevant—it does not have "any tendency to make [] more or less probable" nor "is of consequence," Fed. R. Evid. 401, to whether Mapes made a false statement under oath in his Grand Jury testimony. And there is zero link in the Indictment between immunity and any alleged materiality of Mapes's statements.

The same is true with respect to Count II. To establish a violation of 18 U.S.C. § 1512(c)(2), the government must prove beyond a reasonable doubt that the defendant, with wrongful purpose, "obstructs, influences, or impedes any official proceeding or attempts to do so." *United States v. Volpendesto*, 746 F.3d 273, 286 (7th Cir. 2014) (quoting 18 U.S.C. § 1512(c)(2)). But again, nothing about Mapes's immunity has any tendency to make more or less probable whether he made false statements in attempt to obstruct the Grand Jury investigation. The government has not alleged any facts indicating a correlation between immunity and any of the elements of this offense. Nor could it; Mapes's immunity has no significance to the charge of obstruction.

The Indictment is devoid of factual allegations that in any way connect or allege any relationship between Mapes's immunity and his alleged false testimony in Count I or his alleged attempted obstruction in Count II. The closest the Indictment gets to any link between the charged offenses and immunity is in paragraph 7: "MAPES acknowledged before the Grand Jury that the Immunity Order required him to testify truthfully and that he could be prosecuted if he lied in the proceeding." But reference to the Immunity Order here makes no difference—any testimony

3

before the Grand Jury is given under oath and must be given truthfully. Any testimony before the Grand Jury is subject to prosecution if the government proves beyond a reasonable doubt that the witness lied in the proceeding. *See* 18 U.S.C. § 1623(a). There is nothing of import added by reference to immunity that is not already in place without it—*i.e.* the requirement of truthful testimony and the risk of prosecution for false testimony.

One possible motive for adding such language to the indictment is to send a signal to other witnesses with whom the government was attempting to meet in 2021 concerning its investigation of Mr. Madigan. Indeed, this indictment was returned with remarkable speed—it was less than 60 days from Mr. Mapes' testimony to the return of an indictment containing specific language about the immunized nature of his testimony. While the government may have a motive to publicize to other potential witnesses the weapons at its disposal, the fact of immunization has no relevance to the charges against Mr. Mapes.

Rather, inclusion of reference to Mapes's immunity and/or the Immunity Order solely serves to unfairly prejudice Mapes. Without any link between immunity and the charged crimes, the Indictment's reference to immunity will lead jurors to speculate as to the reason Mapes was granted immunity. These references "serve[] no useful purpose and allow[] the jury to draw the inference that the defendant is accused of crimes not charged in the indictment." *United States v. Brighton Bldg. & Maint. Co.*, 435 F. Supp. 222, 230 (N.D. Ill. 1977); *see also United States v. Beverly*, No. 87 CR 521, 1988 WL 48291, at *3 (N.D. Ill. May 11, 1988) (striking from indictment language that "may lead the jury to infer allegations of crimes beyond those actually charged"); *United States v. Hubbard*, 474 F. Supp. 64, 82 (D.D.C. 1979) (striking from indictment as "irrelevant and prejudicial" language that "may encourage the jury to draw inferences that the defendants are believed to be involved in activities not charged in the indictment").

4

More specifically, it will cause jurors to speculate why he thought his testimony might "tend to incriminate him." Just as the government cannot in a criminal case comment on the defendant's invocation of his right to silence, nor can the government comment on his invocation of his Fifth Amendment protections. *See Griffin v. California,* 380 U.S. 609, 613-14 (1965). Indeed, when defendants or lay witnesses in criminal cases decline to testify and invoke their Fifth Amendment rights, that colloquoy necessarily occurs outside of the presence of the jury. Allowing the indictment to reference the immunity order is an attempt to end-run such bedrock constitutional principles.

This language improperly and unfairly prejudices Mapes. *See* Fed. R. Evid. 403. All references to Mapes's immunity should therefore be stricken from the Indictment.

## CONCLUSION

Mapes's immunity is not relevant to the crimes charged in the indictment, and reference to immunity unfairly prejudices Mapes. Accordingly, the Court should strike parts or all of paragraphs 5, 6, and 7 of Count One of the Indictment as follows:

> 5. ~~On or about March 24, 2021, the Chief Judge of the United States District Court for the Northern District of Illinois entered an order pursuant to Title 18, United States Code, Section 6002 (the "Immunity Order") concerning MAPES' appearance before the Special January 2019 Grand Jury. The Immunity Order provided, among other things, that (1) MAPES was not excused from testifying on the ground that the testimony or evidence required of him might tend to incriminate him; (2) MAPES had to proceed to the place where the Grand Jury was meeting and answer the questions asked of him without asserting his privilege against self-incrimination; and (3) that no testimony or evidence provided by MAPES under the Immunity Order (or any information directly or indirectly derived from such testimony and evidence) might be used against him in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the Immunity Order.~~
>
> 6. ~~On or about March 31, 2021, MAPES appeared in person before the Chief Judge. The Chief Judge admonished MAPES that his truthful testimony was required under the Immunity Order.~~

5

Case: 1:21-cr-00345 Document #: 30 Filed: 04/01/22 Page 6 of 7 PageID #:71

7. On or about March 31, 2021, ~~after appearing before the Chief Judge,~~ MAPES proceeded to the place where the Special January 2019 Grand Jury was meeting. The foreperson of the Grand Jury administered the oath to MAPES, and MAPES swore to tell the truth in the testimony he was about to give before the Grand Jury. MAPES acknowledged before the Grand Jury ~~that the Immunity Order required him to testify truthfully and~~ that he could be prosecuted if he lied in the proceeding.

This Court should also strike that portion of Count Two of the Indictment that states as follows:

1. At times material to this indictment:
   a. Paragraphs 1 through 7 of Count One of this indictment are incorporated here.

Dated: April 1, 2022

Respectfully submitted,

/s/ Andrew C. Porter
Andrew C. Porter
Kathleen Hill
Sarah L. Bakker
SALVATORE PRESCOTT PORTER & PORTER
1010 Davis St.
Evanston, IL 60201
aporter@spplaw.com
hill@spplaw.com
bakker@spplaw.com
(312) 283-5711

6

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 1, 2022, I caused copies of the foregoing to be served on all counsel of record by filing electronic copies with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users.

                                                      */s/ Andrew C. Porter*
                                                      One of the Attorneys for Timothy Mapes